**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYNAE MOODY,** | : | **Civil Action No.** |
| **308 W Broad Street** | : | |
| **Paulsboro, NJ 08066** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **WELSEY ENHANCED LIVING** | : | |
| **6300 Greene Street** | : | |
| **Philadelphia, PA 19144** | : | |
| | : | |
| **626 Jacksonville Road** | : | |
| **Warminster, PA 18974** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Raynae Moody (hereinafter "Plaintiff"), by and through her attorney, Koller Law,

LLC, bring this civil matter against Welsey Enhanced Living (hereinafter "Defendant"), for

violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the

Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Wesley Enhanced Living is an independent living community

with a location at 6300 Greene Street Philadelphia, PA 19144 and corporate headquarters at 626 Jacksonville Road Warminster, PA 18974.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of retaliatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of retaliatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2020-06806 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 27, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

3

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On June 11, 2018, Defendant hired Plaintiff as an Administrative Coordinator.

21. Plaintiff was well qualified for her position and performed well.

22. On July 14, 2021, Kenneth Beiler, Executive Director, notified Plaintiff and her coworkers that Defendant was mandating the COVID-19 vaccine by September 1, 2021.

23. As such, Plaintiff received her initial COVID-19 vaccination on July 6, 2021.

24. On July 27, 2021, Plaintiff received her second COVID-19 vaccine dose.

25. At this point, Plaintiff received her COVID-19 vaccine card.

26. On July 30, 2021 Plaintiff informed Jonathan Lee, Human Resources Coordinator, that she had been fully vaccinated against COVID-19.

27. That same day, Plaintiff sent Mr. Lee a copy of her vaccine card through email.

28. However, Mr. Lee proceeded to ask if Plaintiff's COVID-19 vaccine card was fake.

29. Upon information and belief, Mr. Lee had been asking multiple coworkers to verify Plaintiff's COVID-19 vaccination card because he believed Plaintiff had submitted a fake vaccine card.

30. Shortly thereafter, Mr. Beiler asked Plaintiff what her COVID-19 vaccination status was due to Mr. Lee's doubt.

31. Plaintiff informed Mr. Beiler that she was fully vaccinated and that her COVID-19 vaccine card was legitimate.

32. However, Plaintiff continued to hear that Mr. Lee was questioning coworkers regarding Plaintiff's COVID-19 vaccine status and if she had submitted a fake vaccine card.

4

33. As a result, on September 2, 2021, Plaintiff complained to Luanne Ramsey, Human Resources Representative, about Mr. Lee's conduct.

34. Plaintiff did not hear back from Human Resources for several days, so she followed up with Ms. Ramsey shortly thereafter. Ms. Ramsey informed Plaintiff that Human Resources was handling the situation.

35. However, Human Resources took no corrective actions at this time.

36. Therefore, Plaintiff complained to Mr. Beiler of Mr. Lee's conduct and Human Resources' seeming refusal to properly address the situation.

37. As a result, Plaintiff asked Mr. Beiler if she should file a Charge with the EEOC to resolve the issue.

38. At this time, Mr. Beiler instructed Plaintiff not to file a Charge with the EEOC and that Human Resources would address Plaintiff's complaint.

39. On September 17, 2021, Plaintiff met with Mr. Beiler who asked her why she had told Mr. Lee she was not vaccinated against COVID-19.

40. Subsequently, Plaintiff informed Mr. Beiler that she had never stated this, that she was vaccinated and that her vaccination card was legitimate.

41. Then, on October 27, 2021, Plaintiff began to feel sick.

42. As a result, Regina Johnson, Director of Nursing, sent Plaintiff home for the day and instructed Plaintiff to take a COVID-19 test.

43. Plaintiff followed Ms. Johnson's instructions and tested positive for COVID-19.

44. Defendant subsequently placed Plaintiff on a medical leave of absence for fourteen (14) days in order to quarantine.

45. While Plaintiff was out on her medical leave of absence, Ms. Johnson called Plaintiff multiple times and questioned Plaintiff as to whether she actually received the COVID-19 vaccination.

46. Plaintiff continued to inform Ms. Johnson that she had been vaccinated and that her vaccine card was legitimate.

47. Then, on November 5, 2021, Ms. Ramsey called Plaintiff and informed her that she needed to have a meeting with Defendant before she returned to work.

48. On November 12, 2021, Ms. Ramsey and Mr. Beiler met with Plaintiff and abruptly terminated her employment for allegedly violating Defendant's COVID-19 policy.

49. This is blatantly untrue, as Plaintiff had received the COVID-19 vaccine and always wore her mask as instructed.

50. It is Plaintiff's position that she was retaliated against for inquiring about filing a Charge with the EEOC in violation of Title VII and the PHRA.

**COUNT I– RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff engaged in protected activity protected by Title VII when she inquired about filing an EEOC Charge of Discrimination.

3. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

4. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

5. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

6. Plaintiff engaged in activity protected by the PHRA when she inquired about filing an EEOC Charge of Discrimination.

7. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

8. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Raynae Moody, requests that the Court grant her the following relief against Defendant:

    (a)     Compensatory damages;

    (b)     Punitive damages;

    (c)     Liquidated damages;

    (d)     Emotional pain and suffering;

    (e)     Reasonable attorneys' fees;

    (f)     Recoverable costs;

    (g)     Pre and post judgment interest;

    (h)     An allowance to compensate for negative tax consequences;

    (i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

7

practices which discriminate in violation of Title VII and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.


RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC


Date: December 27, 2022          By:   */s/ David M. Koller*
                                       David M. Koller, Esquire (90119)
                                       Jordan D. Santo, Esquire (320573)
                                       2043 Locust Street, Suite 1B
                                       Philadelphia, PA 19103
                                       215-545-8917
                                       davidk@kollerlawfirm.com
                                       jordans@kollerlawfirm.com

                                       *Counsel for Plaintiff*

8